UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DYLAN CAMPBELL | CIVIL ACTION |
| VERSUS | 23-2-SDD-RLB |
| HELMERICH & PAYNE, INC. ET AL | |

### RULING

Before the Court is the Motion to Dismiss for Lack of Proper Service[1] filed by Defendant GEP Haynesville, LLC ("GEP"). Plaintiff Dylan Campbell ("Plaintiff") filed an Opposition,[2] to which Defendant filed a Reply.[3] For the reasons that follow, the Motion will be denied.

### I.  BACKGROUND

GEP was named as a defendant in the Amended Complaint[4] filed by Plaintiff for personal injuries he allegedly sustained due to a well explosion during his employment. GEP is alleged to be the owner and operator of the subject well site.[5]

About two months after the filing of the Amended Complaint, GEP, alleged to be and identified as an LLC, filed the instant Motion pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5) seeking dismissal of the claims against it due to improper service of process.[6] GEP maintains Plaintiff attempted to effectuate service on an individual who is neither an employee nor the agent for service of process of GEP.[7]

---

[1] Rec. Doc. 69.
[2] Rec. Doc. 73.
[3] Rec. Doc. 77.
[4] Rec. Doc. 48.
[5] *Id.* at ¶ 13.
[6] Rec. Doc. 69.
[7] *Id.* at p. 1.

## II. LAW AND ANALYSIS

### A. Rule 12(b)(5)

If a plaintiff fails to properly effectuate service, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5).[8] "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process."[9] Rule 12(b)(5) is applicable to challenges regarding "the mode of delivery or the lack of delivery of the summons and complaint."[10] The burden of demonstrating the validity of service when an objection is made lies with the party making service.[11] "The district court has broad discretion in determining whether to dismiss an action for ineffective service of process."[12]

### B. Discussion

GEP seeks dismissal due to Plaintiff's failure to effectuate proper service in a timely manner. Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[13] The Fifth Circuit has explained that "even if good cause for failure to serve does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service."[14]

---

[8] *See* Fed. R. Civ. P. 12(b)(5) (authorizing a court to dismiss a civil action when service of process is inadequate).
[9] *Ceasar v. Louisiana Bd. of Ethics*, No. 17-562, 2018 WL 2090184, at *4 (M.D. La. May 4, 2018) (quoting *Holly v. Metro. Transit Auth.*, 213 Fed.Appx. 343, 344 (5th Cir. 2007)).
[10] *Hodge v. Layrisson*, No. 97-555, 1998 WL 564263, at *2 (E.D. La. Sept. 1, 1998) (quoting Wright & Miller, Federal Practice & Procedure: Civil 2d § 1353).
[11] *Id.* (citing *Holly*, 213 Fed. Appx. at 344).
[12] *Trimble v. Strength*, No. CV 20-355-JWD-SDJ, 2022 WL 636729, at *2 (M.D. La. Jan. 25, 2022) (quoting *George v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986)).
[13] Fed. R. Civ. P. 4(m).
[14] *Trimble*, 2022 WL 636729, at *3 (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

GEP argues Plaintiff's attempted service on it was legally insufficient. Rule 4(h) authorizes the following means for serving limited liability companies in judicial districts within the United States:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant[.][15]

Rule 4(e)(1), in turn, authorizes service as permitted by state law.[16] Article 1266 of the Louisiana Code of Civil Procedure, which governs service on limited liability companies, authorizes personal service on the entity's agent for service of process.[17] Article 1266 also allows other methods "[i]f the limited liability company has failed to designate an agent for service of process, if there is no registered agent by reason of death, resignation, or removal, or if the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent[.]"[18]

GEP argues it has not been properly served because Plaintiff attempted service on an individual named Jarrad Cormier ("Cormier"), who is not GEP's agent for service of process, and because the Summons[19] contained an incorrect address.[20] In response, Plaintiff contends GEP "seem[s] to be obscuring the corporate entity from the reach of this Court. The [P]laintiff requested a summons for the officer of GEP in its business profile

---

[15] Fed. R. Civ. P. 4(h)(1).
[16] Fed. R. Civ. P. 4(e)(1).
[17] La. Code Civ. Proc. art. 1266(A).
[18] La. Code Civ. Proc. art. 1266(B).
[19] Rec. Doc. 50.
[20] Rec. Doc. 69-1, p. 1.

with the Louisiana Secretary of State: Margaret W. Molleston at 1425 Lake Front Circle, The Woodlands, TX 77380[.]"[21]

As the Eastern District of Louisiana once observed under analogous circumstances, "[a]s a practical matter, the Court observes that it appears that all the people who need to know about this lawsuit know about it, so the technical defects in the summons and service emphasized by [D]efendant[ ] work no actual prejudice upon [it]. That being said, however, it does not excuse [P]laintiff from comporting with the requirements of Rule 4."[22]

Plaintiff's attempt at serving GEP appears technically improper; although Plaintiff argues it requested service on "the officer of GEP in its business profile with the Louisiana Secretary of State[,]" Plaintiff makes clear that service was actually made on and accepted by Cormier. Plaintiff avers Cormier "represented that he was 'senior counsel'" for GEP.[23] However, Rule 4(h) does not authorize service on a limited liability company's senior counsel. Accordingly, Plaintiff has not met his burden of showing that Cormier was an individual authorized to accept service on behalf of GEP.

Nevertheless, the Court, exercising its broad discretion, declines to dismiss Plaintiff's claims regardless of whether good cause exists for any defects in service.[24] GEP filed its Motion only two months after Plaintiff filed the Amended Complaint. GEP has not shown, or even suggested, any prejudice resulting from the alleged defects in service, and the Court will not grant a dismissal on the basis of such a technicality.

---

[21] Rec. Doc. 73, p. 3.
[22] *Shell W. E&P, Inc. v. Dia-Log Co.*, No. 97-0360, 2000 WL 805231, at *2 (E.D. La. June 21, 2000).
[23] Rec. Doc. 73, p. 2. *See also* Rec. Doc. 65, p. 2 (Proof of Service).
[24] *See Thompson*, 91 F.3d at 21: "If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service."

Accordingly, GEP and Plaintiff are to agree on the proper party to serve and the correct address to name in the Summons, and Plaintiff shall correspondingly serve GEP within two weeks of the entry of this Ruling.

### III.  CONCLUSION

For the foregoing reasons, the Motion to Dismiss for Lack of Proper Service[25] is DENIED. Plaintiff Dylan Campbell and Defendant GEP Haynesville, LLC are ordered to confer and reach an agreement of GEP's correct information for service of process, and Plaintiff is to make proper service no later than two weeks after the entry of this Ruling.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 14th day of _____January_____, 2025.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[25] Rec. Doc. 69.