**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

DYLAN CAMPBELL                                        CIVIL ACTION

VERSUS                                                NO. 23-2-SDD-RLB

HELMERICH & PAYNE, INC., ET AL.

**ORDER**

Now before the Court are SWN Production (Louisiana), LLC's ("Defendant") Renewed Motion for Rule 35 Examinations of Plaintiff ( the "Motion") and Dylan Campbell's ("Plaintiff") response to such. (R. Docs. 151; 154).

## I.    Background

On November 14, 2022, Plaintiff filed a personal injury action in the 19th J.D.C. of East Baton Rouge Parish, Louisiana against Defendant, Helmerich & Payne, Inc. ("H&P Inc."), Helmerich & Payne Management, LLC ("H&P LLC"), GeoSouthern Energy Corporation ("GeoSouthern"), Huckaby Four JS, LLC ("Huckaby"), and Jaqueline Huckaby Woodson ("Woodson"). (R. Doc. 1-2 at 1, "Petition"). Plaintiff, who worked as a derrickman on a drilling rig for H&P Inc. and H&P LLC (the "H&P Defendants"), alleges that on or about November 13, 2021, he suffered injuries resulting from a "well explosion and fire in Red River Parish, Louisiana." (Petition ¶ 14). Plaintiff claims the "subject well is operated, managed and maintained by Defendant GeoSouthern," which is also "responsible for . . . implementing and overseeing safe practices, policies and procedures at the subject location." (Petition ¶ 15). Plaintiff alleges Defendant owned the subject well and Huckaby and Woodson (the "Huckaby Defendants") "owned the land on which the subject well was located." (Petition ¶ 16).

1

On December 3, 2024, the Court issued the current Scheduling Order, setting the deadline to complete non-expert discovery on April 1, 2025, the deadline to complete expert discovery on August 5, 2025, and the deadline to file dispositive motions on June 30, 2025. (R. Doc. 83).

On May 2, 2025, Defendant filed a motion seeking Rule 35 examinations of Plaintiff by Dr. David Ferachi (orthopedics); Dr. Jeremy Comeaux (physical medicine and rehabilitation); Dr. Joseph Kass (neurology, behavioral neurology and neuropsychiatry); and a Zoom interview with Ronald Ducote (vocational rehabilitation and life care planning) on dates to be selected by Plaintiff, and with reports on the examinations to be due within 21 days of the examinations. (R. Doc. 128). In response, Plaintiff agreed to submit to an assessment by Ronald Ducote but sought an order requiring Defendant to provide additional information regarding the examinations by the other doctors in compliance with Fed. R. Civ. P. 35(a)(2)(B) and Local Rule 35. (R. Doc. 140). Plaintiff argued (1) he should only be ordered to submit to a single physical examination by either Dr. David Ferachi ("Dr. Ferachi") or Dr. Jeremy Comeaux ("Dr. Comeaux") and (2) any neurological testing by Dr. Joseph Kass ("Dr. Kass") must consider prior testing already undergone by Plaintiff. Ultimately, this Court modified the discovery deadlines to provide additional time to complete the physical and mental examinations sought (in addition to the resulting expert reports), but also noted the following in its order:

> [T]he Court will require counsel for the parties to meet and confer with respect to the proposed examinations by Dr. Ferachi, Dr. Comeaux, and Dr. Kass. SWN may refile its motion with respect to these proposed examinations, with all information required by Federal Rule 35(a)(2) and Local Rule 35. . . . If a dispute remains regarding SWN's justification for seeking two separate physical examinations, SWN must inform the Court of the circumstances that justify good cause to allow the two examinations. Based on the information now before the Court, it appears that the distinct medical fields in which Dr. Ferachi and Dr. Comeaux practice are sufficient to justify separate examinations. . . . [Regarding Dr. Kass, t]he validity of duplicative neurological testing appears to be an issue that is best addressed through competing expert testimony. It does not appear to

> be a basis to preclude a repeat neurological test or evaluation pursuant to Rule 35.
> Plaintiff has certainly cited no decisional law to support such a finding.

(R. Doc. 146). In accordance with the above, Defendant and Plaintiff met and conferred on June

3, 2025, with Plaintiff agreeing to be examined by Ronald Ducote and Defendant agreeing to

provide this Court with additional information regarding Dr. Ferachi, Dr. Comeaux, and Dr.

Kass. (R. Doc. 151-1 at 2). Defendant filed the instant Motion and Plaintiff filed his response.

## II.    Law and Analysis

Rule 35 provides that the "court where the action is pending may order a party whose

mental or physical condition . . . is in controversy to submit to a physical or mental examination

by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Such an order may be

issued "only on motion for good cause and on notice to all parties and the person to be

examined" and "must specify the time, place, manner, conditions, and scope of the examination,

as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). A plaintiff places

his or her physical or mental condition "in controversy" by pleading he or she has sustained a

physical injury thanks to the defendant. *See Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964).

"The decision as to whether or not to order an independent medical examination under Rule

35(a) rests in the court's sound discretion." *Glaze v Bud's Boat Rental, Inc.*, No. 93-1334, 1993

WL 441890, *1 (E.D. La. Oct. 21, 1993). "Although Rule 35 examinations may be ordered 'only

on motion for good cause shown,' and use of the rule to compel such examinations is not

unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery."

*Grossie v. Fla. Marine Transporters, Inc.*, No. 04-0699, 2006 WL 2547047, at *2 (W.D. La.

Aug. 31, 2006). "Good cause" requires a showing of specific facts that demonstrate the need for

the information sought and an inability to obtain it elsewhere. *Schlagenhauf,* 379 U.S. at 118.

Defendant argues the requested examinations are warranted because Plaintiff has placed his mental and physical conditions in controversy. Defendant notes that Plaintiff provided a life care plan report from Dr. Catherine Wakeham ("Dr. Wakeham"), a physical medicine and rehabilitation specialist, detailing recommendations for numerous medications with related costs nearing $1,000,000, lumbar spine and wrist scans, EMG/nerve conduction studies, physical therapy, a TENS unit, a lumbar laminectomy, discectomy and fusion (2-level), carpel tunnel release, neuropsychological evaluation, brain MRI with DTI sequencing, cognitive/speech therapy, occupational therapy, and RN and home health aides. Defendant also notes Plaintiff has been treating with a pain management provider who recommended lumbar ESI treatment.

Defendant explains that Dr. Ferachi (orthopedics) will assess Plaintiff's condition, the extent of his injuries, and the necessity of treatment recommended by Plaintiff's provider from the perspective of an orthopedic specialist. Defendant also explains that Dr. Comeaux (physical medicine and rehabilitation) will assess Plaintiff's condition, the extent of his injuries, the necessity of treatment recommended by Plaintiff's provider, and rehabilitative potential from the perspective of a physical medicine and rehabilitative specialist. As for Dr. Kass, Defendant provides that he specializes in neurology, behavioral neurology, and neuropsychiatry, and will assess Plaintiff's conditions from a neurological and neuropsychiatric standpoint. Defendant also provides the following regarding the specifics of proposed examinations:

Regarding Dr. Ferachi's proposed examination:

1. A medical history will be taken. A personal history will be taken to the extent that it is relevant to assess Plaintiff's physical condition, pain, ability to perform daily and work-related activities, and necessity of future treatment.
2. A physical examination.
3. The physical examination will include measurements of common vitals, visual examination of Plaintiff, range of motion and strength testing, coordination testing, physical palpation, and verbal questioning

4

regarding Plaintiff's condition, pain, ability to perform numerous activities, and assessment of future treatment.
4. Tests will be administered and interpreted by Dr. David Ferachi. Assistance may be provided by Dr. Ferachi's medical staff as necessary.
5. The examination is anticipated to last less than 2 hours.

Regarding Dr. Comeaux's proposed examination:

1. A medical history will be taken. A personal history will be taken, only to the extent that it is relevant to assess Plaintiff's physical condition, pain, ability to perform daily and work-related activities, and necessity of future treatment.
2. A physical examination will be performed.
3. The physical examination will include visual examination of Plaintiff, range of motion and strength testing, physical palpation, assessment of radiological scans, and verbal questioning regarding Plaintiff's condition, pain, ability to perform numerous activities, rehabilitation, and assessment of the future.
4. Tests will be administered and interpreted by Dr. Jeremy Comeaux. Assistance may be provided by Dr. Comeaux's medical staff as necessary.
5. The examination is anticipated to last less than 2 hours.

Regarding Dr. Kass's Proposed Examination:

1. A personal and medical history will be taken.
2. A physical examination will be undertaken, specifically a neurological exam, including non-invasive cognitive testing.
3. A standard neurological exam includes assessment of cognitive status, cranial nerves, strength, sensation, coordination, reflexes, and gait. Cognitive testing will include the Montreal Cognitive Assessment, Frontal Assessment Battery, and some evaluation of depression and anxiety.
4. Tests will be administered and interpreted by Dr. Kass.
5. The examination is anticipated to last 2 hours.

(R. Docs. 151-1; 151-2). The above explanations comply with Fed. R. Civ. P. 35 and L.R. 35.[1]

---

[1] Local Rule 35 requires a party moving for a physical and/or mental examination of another party to include, in addition to the requirements of Federal Rule 35(a)(2), the following information in support of the motion: "[1] Whether a personal and/or medical history will be obtained; [2] Whether a physical examination will be undertaken; [3] A description of the written, verbal-administered and/or physical tests to be performed, both invasive and non-invasive; [4] The identities of any persons administering and/or interpretating the test results, if different from the person identified in the motion; and [5] The anticipated duration of the examination." LR 35.

In response, Plaintiff asserts that he is agreeable to attending the proposed examination by Dr. Kass, but he raises an issue with Defendant's request to have him undergo a physical examination with Dr. Comeaux. Plaintiff only wishes to be examined by Dr. Ferachi, arguing the descriptions of the proposed examinations by Dr. Ferachi and Dr. Comeaux are so similar that two examinations are not necessary: "[T]he Court should deny SWN's motion as to the physical exams and limit SWN to a single physical examination by Dr. Ferachi. A single physical exam—based on the proposed scope presented in SWN's motion—by a defense orthopedic specialist should be more than sufficient and still give Dr. Comeaux (SWN's physical medicine and rehabilitation expert) the information needed to testify about Plaintiff's current physical condition and future needs." (R. Doc. 154). This Court disagrees based on the following analysis.

As this Court mentioned in its prior order regarding the proposed examinations, Rule 35 does not limit the number of examinations so long as "good cause" is shown for each exam. *Sadler v. Acker*, 263 F.R.D. 333, 336 (M.D. La. 2009). This Court finds that Dr. Ferachi and Dr. Comeaux have been shown to be from different specialties such that it is appropriate for Plaintiff to undergo physical examinations with both of them. *See Crumedy v. XYZ Insurance Company*, No. 22-4570, 2023 WL 6293867 at *5 (E.D. La. Sept. 27, 2023) ("An IME from a physician in one specialty does not preclude an IME from one in the other specialty.").

In *Crumedy*, the Eastern District of Louisiana allowed a Rule 35 exam of a plaintiff's back by an orthopedic surgeon even though a neurosurgeon had already completed a workers' compensation examination of the plaintiff, because doing so met Fed. R. Civ. P. 35's goal of "provid[ing] a level playing field between the parties in their respective efforts to appraise plaintiff's physical state[.]" *Id.,* at *5. The *Crumedy* plaintiff's treating physician was an orthopedic surgeon, thus making it reasonable for

Defendant to have its own expert in the same specialty examine the plaintiff. *Id.* Similar reasoning applies here. Allowing Plaintiff to be examined by both Defendant's orthopedist and physical medicine and rehabilitation specialist levels the playing field because Plaintiff has regularly treated with an orthopedist and Plaintiff's life care plan report was drafted by a physical medicine and rehabilitation specialist. Further, although *Crumedy* also makes clear that "[b]efore authorizing a second IME, the court must determine whether the defendant has already obtained an examination and report enabling a sufficient defense of the plaintiff's claims[,]" it is not necessary, as Plaintiff suggests, for this Court to order one examination now and then reassess whether a second is necessary afterwards because it is already apparent a second examination is appropriate. *Id.* at *3.

"Examples of circumstances which have been held sufficient to justify second examinations include: (a) *separate injuries calling for examination by distinct medical specialties*; (b) where a physician requires assistance of other consultants before he can render a diagnosis; (c) where the first examination was not adequate or complete; and (d) where a substantial time lag occurred between the initial examination and the trial." *Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D. La. 1992) (citing cases) (emphasis added). Example (a) applies, considering Plaintiff's injuries and the different specialties of Dr. Ferachi and Dr. Comeaux. Plaintiff has alleged spinal injuries and has been recommended the use of RNs or other health aides, among other recommendations. "An orthopedic surgeon is educated in the preservation, investigation and restoration of the form and function of the extremities, spine and associated structures by medical, surgical and physical means." "Orthopedic Surgery," American Board of Medical Specialties, https://www.abms.org/

board/american-board-of-orthopaedic-surgery/. Physical medicine and rehabilitation, on the

other hand, focuses on methods and means to enhance and restore function, ability, and

quality of life. *See* "What is Physical Medicine and Rehabilitation?," The American

Academy of Physical Medicine and Rehabilitation. https://www.aapmr.org/about-

physiatry/about-physical-medicine-rehabilitation. The expertise of professionals from these

two fields, therefore, can assist Defendant in determining both any surgical needs related to

Plaintiff's spinal injury and the broader issue of the effect of the totality of Plaintiff's injuries

on his overall ability to function. This Court therefore orders both examinations.

**III.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion (R. Doc. 151) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is ordered to submit to an examination with

Dr. David Ferachi at a location, time, and date agreed to between Plaintiff and Defendant.

Plaintiff and Defendant shall meet and confer within the next seven (7) days regarding the

scheduling of the examination. The examination shall take place no later than July 11, 2025.

**IT IS FURTHER ORDERED** that Dr. Ferachi is entitled to whatever time is reasonably

needed to assess Plaintiff's physical condition in order to render his expert opinion, which should

not exceed two hours. The scope of the examination will include the following:

1. A medical history will be taken. A personal history will be taken to the extent that it is relevant to assess Plaintiff's physical condition, pain, ability to perform daily and work-related activities, and necessity of future treatment.
2. A physical examination.
3. The physical examination will include measurements of common vitals, visual examination of Plaintiff, range of motion and strength testing, coordination testing, physical palpation, and verbal questioning

regarding Plaintiff's condition, pain, ability to perform numerous activities, and assessment of future treatment.
4. Tests will be administered and interpreted by Dr. David Ferachi. Assistance may be provided by Dr. Ferachi's medical staff as necessary.

**IT IS FURTHER ORDERED** that Plaintiff is ordered to submit to an examination with Dr. Jeremy Comeaux at a location, time, and date agreed to between Plaintiff and Defendant. Plaintiff and Defendant shall meet and confer within the next seven (7) days regarding the scheduling of the examination. The examination shall take place no later than July 11, 2025.

**IT IS FURTHER ORDERED** that Dr. Comeaux is entitled to whatever time is reasonably needed to assess Plaintiff's physical condition in order to render his expert opinion, which should not exceed two hours. The scope of the examination will include the following:

1. A medical history will be taken. A personal history will be taken, only to the extent that it is relevant to assess Plaintiff's physical condition, pain, ability to perform daily and work-related activities, and necessity of future treatment.
2. A physical examination will be performed.
3. The physical examination will include visual examination of Plaintiff, range of motion and strength testing, physical palpation, assessment of radiological scans, and verbal questioning regarding Plaintiff's condition, pain, ability to perform numerous activities, rehabilitation, and assessment of the future.
4. Tests will be administered and interpreted by Dr. Jeremy Comeaux. Assistance may be provided by Dr. Comeaux's medical staff as necessary.

**IT IS FURTHER ORDERED** that Plaintiff is ordered to submit to an examination with Dr. Joseph Kass at a location, time, and date agreed to between Plaintiff and Defendant. Plaintiff and Defendant shall meet and confer within the next seven (7) days regarding the scheduling of the examination. The examination shall take place no later than July 11, 2025.

**IT IS FURTHER ORDERED** that Dr. Kass is entitled to whatever time is reasonably needed to assess Plaintiff's physical condition in order to render his expert opinion, which should not exceed two hours. The scope of the examination will include the following:

1. A personal and medical history will be taken.
2. A physical examination will be undertaken, specifically a neurological exam, including non-invasive cognitive testing.
3. A standard neurological exam includes assessment of cognitive status, cranial nerves, strength, sensation, coordination, reflexes, and gait. Cognitive testing will include the Montreal Cognitive Assessment, Frontal Assessment Battery, and some evaluation of depression and anxiety.
4. Tests will be administered and interpreted by Dr. Kass.

**IT IS FURTHER ORDERED** that, pursuant to Rule 16(b)(4), Defendant's deadline to provide the above doctor's reports is extended to twenty-one (21) days after each doctor's examination of the Plaintiff.

Signed in Baton Rouge, Louisiana, on June 20, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**